UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

QUINCY JACKSON #94415            CIVIL ACTION NO. 20-cv-1550

VERSUS            JUDGE DONALD E. WALTER

DEPUTY CLAIBORNE ET AL            MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

      Quincy Jackson ("Plaintiff") and approximately two dozen other inmates housed at the Caddo Correctional Center ("CCC") filed a single civil action in late 2020 to complain about CCC's response to the Covid-19 pandemic. The court required the inmates to file individual civil actions. All of the other inmate suits have been dismissed for failure to prosecute, failure to correct deficiencies, or failure to satisfy the filing fee/IFP requirements.

      Before the court is a Motion for Summary Judgment (Doc. 20) in which Defendants challenge the merits of Plaintiff's complaint. Plaintiff did not file any opposition to the motion. Although the motion is likely worthy of being granted, it is instead recommended that this civil action be dismissed for failure to prosecute because Plaintiff has failed to keep the court informed of a current mailing address.

**Analysis**

      Plaintiff alleged in his amended complaint that CCC officials did not do enough to prevent the spread of Covid-19 in the jail. He complained of the imposition of two quarantines in his housing unit that might have been avoided. The quarantines were said

to have resulted in three men in a cell designed for two, loss of telephone privileges, and loss of recreation time.

Plaintiff filed his complaint on a form provided by the court for prisoners to commence civil rights actions. The final section of the form, immediately before Plaintiff's signature, set forth a declaration: "I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed." Doc. 6, p. 5. The court issued an order that the defendants respond to the complaint. The order (Doc. 10) stated in its final paragraph: "All parties shall have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address." The parties were warned that: "Failure to do so shall be considered grounds for dismissal or other appropriate sanctions."

The order is consistent with the provision in Local Rule 11.1 that: "Each attorney and pro se litigant has a continuing obligation to apprise the court in writing of any address change." See also Local Rule 41.3 (authorizing dismissal when notices are returned for reason of an incorrect address and no correction is made within 30 days).

Defendants were served and filed an answer in June 2023, and the court issued a scheduling order. Defendants filed a motion for extension of the dispositive motion deadline. The court issued an order and granted the extension, and a copy was mailed to Plaintiff at the address he provided at CCC. The mail was returned as undeliverable on November 6, 2023 with a notation that it was not deliverable as addressed, unable to forward. A handwritten note on the returned envelope stated that Plaintiff had been shipped on July 28, 2023 to the Richland Detention Center. Doc. 19.

Defendants filed their motion for summary judgment on December 19, 2023, and the court issued a notice of motion setting the next day. The notice was mailed to CCC, the last address provided by Plaintiff. That item was returned on January 8, 2024 with a note that Plaintiff was "not here." Doc. 23.

Defense counsel delivered a courtesy copy of the motion for summary judgment to chambers. It was accompanied by a cover letter that noted counsel's efforts to serve the motion on Plaintiff, which were unsuccessful, at the address Plaintiff listed with the court. Counsel stated that it was his understanding that Plaintiff is now in DOC custody and housed at the Franklin Parish Detention Center. Defense counsel stated that he mailed a service copy of the motion to Plaintiff at that facility. Plaintiff has not responded to the motion, notified the court of a change of address, or otherwise filed anything in these proceedings since April 2023 when he was still housed at CCC.

Where a litigant has been warned that dismissal may result from a failure to notify the district court of an address change, the failure to do so, beyond being in violation of a court order, "may be considered by the district court as ... cause for dismissal for failure to prosecute." Lewis v. Hardy, 248 Fed. Appx. 589, 593 n.1 (5th Cir. 2007). Plaintiff was given multiple warnings that he must keep the court informed of a current mailing address and that the failure to do so could result in dismissal. Plaintiff has had several months since his apparent transfer from CCC to notify the court of a change of address, and the service of the motion for summary judgment at what may be his new location should have alerted him to the need to do so. Perhaps Plaintiff has lost interest in the case with the passage of time, or maybe he has merely been negligent in looking after his affairs. In any event, the

court need not expend resources on a case in which the Plaintiff does not care enough to keep the court informed of his current address. Dismissal without prejudice for failure to prosecute is warranted. <u>Honore v. Christian</u>, 2005 WL 1330152, *3 (W.D. La. 2005); <u>St. Juniors v. Burgess</u>, 2016 WL 4368230 (E.D. La. 2016).

Accordingly;

It is recommended that this civil action be dismissed without prejudice for failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>See Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of January, 2024.

Page 4 of 4

Mark L. Hornsby
U.S. Magistrate Judge